UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SPENCER RAY FITZPATRICK** | : | **DOCKET NO. 2:22-cv-2732**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **USA** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a complaint [doc. 1] filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, by Spencer Ray Fitzpatrick, who is proceeding *pro se* and *in forma pauperis* in this matter. Fitzpatrick is an inmate in the custody of the Federal Bureau of Prisons, currently incarcerated at the Federal Correctional Center in Oakdale, Louisiana (FCIO).

### I.
#### BACKGROUND

Fitzpatrick filed the instant suit alleging that he was denied adequate medical care. Specifically, he asserts that he was seen by Theresa Savant FNP on August 15, 2021, with an infection in his right arm, left arm pit and left buttock, and he was told "it will be fine and it will go away." Doc. 1, p. 1, ¶ 3. On August 17, 2021, in the pill line, he showed Savant the infection and he was told to "wait until Monday morning sick call." *Id*. at ¶ 4. On August 18, 2021, he was seen by Nurse Lentz who determine it was "celitis," and he was given medication. *Id*. at ¶ 5. By August 19, 2021, plaintiff had a temperature of 103.2 degrees when he was seen by Nurse Reed, who had him admitted to Oakdale Community Hospital, where he was scheduled for emergency surgery the following morning. *Id*. at ¶ 6, 7. His infection had developed into MRSA in five areas of his body, and he spent eighteen (18) days in the hospital following surgery. *Id*. p. 2, ¶ 7.

Plaintiff represents that he filed a tort claim on December 6, 2021, which was assigned Administrative Tort Claim #TRT-SCR-2022-01170. *Id.* at p. 2, ¶ 9.

## II.
### LAW & ANALYSIS

#### A. *Frivolity Review*

Fitzpatrick has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

#### B. *FTCA*

The United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). One such waiver is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., which provides the exclusive remedy for damages for injury, death, or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* at § 2679(b)(1). Accordingly, a plaintiff seeking relief under the FTCA files his

tort claims directly against the United States, rather than the individual government actor. See *Carlson v. Green*, 100 S.Ct. 1468, 1472–73 (1980) (distinguishing between an FTCA action and a *Bivens* suit). Here, Plaintiff names only A. White, Unit Manager at FCIO, as a defendant. He is not a proper defendant to a FTCA claim. See *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Plaintiff should amend to name the proper defendant.

Moreover, under the FTCA, a plaintiff is required to properly present his claims to the government agency before filing suit. *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). This presentment requirement is satisfied by the claimant presenting their tort claims to the appropriate federal agency before instituting suit in court. 28 U.S.C. § 2675(a); *Izen v. Catalina*, 398 F.3d 363, 367 (5th Cir. 2005). This "requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA" and cannot be waived. *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981). Thus, a court must dismiss a suit as premature if the plaintiff failed to first exhaust administrative remedies. See *Id*. at 204 (observing that "jurisdiction must exist at the time the complaint is filed" and that staying or holding in abeyance premature claims would conflict with purpose of the exhaustion requirement).

In addition, § 2401(b) of the FTCA requires that a tort claim against the United States be presented to the appropriate federal agency "within two years after such claim accrues" and then brought to federal court "within six months after . . . final denial of the claim by the agency." 28 U.S.C. § 2401(b); see also *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015); *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001). A claimant is required to meet both of those deadlines. *Kwai Fun Wong*, 135 S. Ct. at 1629.

In order to determine whether this Court has jurisdiction over plaintiff's FTCA claim, plaintiff must provide documents establishing that he provided a tort claim to the BOP with written

notification of the injury and a monetary demand. He must also provide a copy of any responses received to the tort claim.

### III.
### CONCLUSION

For the foregoing reasons, Fitzpatrick is given **30 days** to remedy his claims as described above. Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Fitzpatrick at his last address on file.

**IT IS ORDERED** that Fitzpatrick amend his complaint within thirty (30) days of the filing of this order to provide **evidence** of exhaustion under the FTCA. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

THUS DONE AND SIGNED in Chambers this 14st day of December, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE