UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**SPENCER RAY FITZPATRICK** : **DOCKET NO. 2:23-cv-02732**
           **SECTION P**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**UNITED STATES OF AMERICA** : **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss filed by defendant, the United States of America ("United States"). Doc. 47. For the reasons below, we recommend that the Motion to Dismiss be **GRANTED in part** and **DENIED in part**.

**I.**
**BACKGROUND**

Plaintiff files the instant suit against the United States under the Federal Tort Claims Act ("FTCA") alleging that he was denied adequate medical care when he was incarcerated at the Federal Correctional Complex in Oakdale, Louisiana ("FCIO"). Doc. 1. Specifically, he asserts that he was seen by Theresa Savant FNP on August 15, 2021, with an infection in his right arm, left arm pit and left buttock, and he was told "it will be fine and it will go away." *Id.* at, p. 1, ¶ 3. On August 17, 2021, in the pill line, he showed Savant the infection and he was told to "wait until Monday morning sick call." *Id.* at ¶ 4. On August 18, 2021, he was seen by Nurse Lentz who determine it was "celitis," and he was given medication. *Id.* at ¶ 5. By August 19, 2021, plaintiff had a temperature of 103.2 degrees when he was seen by Nurse Reed, who had him admitted to Oakdale Community Hospital, where he was scheduled for emergency surgery the following

morning. *Id*. at ¶ 6, 7. His infection had developed into MRSA in five areas of his body, and he spent eighteen (18) days in the hospital following surgery. *Id*. p. 2, ¶ 7

In its Motion to Dismiss, the United States asserts that plaintiff's original and first amended complaint allege "deliberate indifference" to his medical needs by prison officials in violation of the Eighth Amendment. Docs. 1, 19. Further, the government asserts that absent from plaintiff's complaint are any allegations of, or references to, the negligence and/or medical malpractice by BOP staff. *See* doc. 47, p. 2. Accordingly, because the constitutional tort claims contained in plaintiff's complaint fall outside the limited waiver of sovereign immunity of the FTCA, the United States seeks dismissal based on a lack of subject matter jurisdiction. *See Sanchez v. Rowe*, 870 F.2d 291, 295 (5th Cir. 1989) ("[S]uits for violations of federal constitutional rights, even though tortious in nature, are not within the scope of the FTCA. Because '[b]y definition constitutional torts are not based on state law,' the FTCA does not provide a cause of action for constitutional torts." (citations omitted)); *See Hix v. U.S. Army Corps. of Engineers,* 155 F. App'x 121, 128 (5th Cir. 2005) (holding a claim should be dismissed without prejudice where a district court does not reach the merits of the claim and does not have jurisdiction to do so).

On June 13, 2023, plaintiff sought, and was subsequently granted, leave of Court to file an amended complaint. Docs. 50, 51. Plaintiff's amended complaint alleges that he does, in fact, plead negligence and/or medical malpractice by the FCIO medical staff. Doc. 50. He clarifies that in his first amended complaint, he references a "misdiagnosis of meds, over doing the steroids for the sciatic nerve damage I was going through at the time. Also, how medical staff refused to give me a wheelchair to move around in. Specifically stated how the crutches were creating a serious problem to my life. So there were references to the negligence and/or medical malpractice by BOP." Doc. 50.

## II.
## LAW AND ANALYSIS

### A. FRCP Rule 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court may dismiss a claim over which it lacks subject-matter jurisdiction. "A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs),* 668 F.3d 281, 287 (5th Cir. 2012). "Plaintiffs bear the burden of establishing subject-matter jurisdiction." *Id.*

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1), a court must accept a plaintiff's factual allegations in the complaint as true. *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015). However, a court may "find facts as necessary to determine whether it has jurisdiction." *Id.* Further, a court need not accept as true legal conclusions masked as factual allegations. *Id.* "A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Ballew v. Cont'l Airlines, Inc.,* 668 F.3d 777, 781 (5th Cir. 2012) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

### B. FTCA

The United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). One such waiver is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., which provides the exclusive remedy for

damages for injury, death, or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* at § 2679(b)(1)."Courts must strictly construe all waivers of the federal government's sovereign immunity and must resolve all ambiguities in favor of the sovereign." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998)(citing *United States v. Nordic Village, Inc.*, 112 S. Ct. 1011 (1992)).

To successfully sue under the FTCA, a claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his office or employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b). Importantly, the FTCA does not provide a cause of action against the United States for constitutional claims. *F.D.I.C. v. Meyer,* 114 S.Ct. 996, 1001 (1994). Under the statute, the government's waiver of immunity only applies in circumstances where a private person could also be held liable for the same conduct. 28 U.S.C. § 1346(b)(1*); see Tuttle v. USA*, 2:22-cv-0670, 2022 WL 1819512, *2 (W.D. LA. May 17, 2022) (dismissing Plaintiff's "conditions of confinement claims" against the United States for lack of subject-matter jurisdiction).

**C. Application**

Applying the above principles to this case, we conclude that Fitzpatrick's constitutional tort claim is jurisdictionally barred. Accordingly, any claim brought pursuant to the Eighth Amendment alleging deliberate indifference against the United States is not cognizable under § 1346(b) because the source of substantive liability under the FTCA is state law, not federal law.

*F.D.I.C. v. Myer*, 114 S.Ct. at 1001 (1994); *see Spotts v. United States*, 613 F.3d 559, 569 n.7 (5th Cir. 2010) (citations omitted) (holding that constitutional torts are not a predicate for an FTCA claim). As such, to the extent that defendant's motion seeks dismissal of plaintiff's Eighth Amendment/deliberate indifference claim, the motion should be granted.

However, plaintiff was granted leave to file an amended complaint, in which he clarifies that he intends to bring a claim of negligence/medical malpractice under Louisiana law. *See* doc. 50. It is well established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Considering plaintiff's pro se status and the fact that his amended complaint cured the jurisdictional deficiency raised in the government's motion to dismiss, the district court should allow plaintiff to proceed with his FTCA claim. Defendants are free to re-urge their motion to dismiss plaintiff's FTCA claim if appropriate.

## V.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss (doc. 47) be **GRANTED** in part and **DENIED** in part. Specifically, the District Court should grant the United States' Motion to Dismiss on plaintiff's Eighth Amendment claim but DENY the Motion to Dismiss the entire lawsuit, as plaintiff's FTCA claim remains viable.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 9th day of July, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE