UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFYETTE DIVISION

**SPENCER RAY FITZPATRICK**       **CASE NO.  2:22-CV-2732 SEC P**

**VERSUS**       **JUDGE JAMES D. CAIN, JR.**

**USA**       **MAGISTRATE JUDGE KAY**

### MEMORANDUM ORDER

Pending before this Court are two pro se motions filed by Spencer Ray Fitzpatrick, a prisoner at FMC-Ft. Worth in Fort Worth, Texas.

1. **Motion to Compel Discovery, Set an Evidentiary Hearing, Order Witness Depositions and Appoint Counsel (doc. 60)**

Plaintiff's requests set forth in Document 60 are DENIED, at this time, as the defendant has not yet filed an answer in this matter.

We also deny plaintiff's request for appointment of counsel  There is no automatic right to the appointment of counsel in a civil case. *Wright v. Dallas County Sheriff Dept*., 660 F.2d 623, 625-26 (5th Cir. 1981).  The Court may, however, "request any attorney to represent any person unable to afford counsel", 28 U.S.C. § 1915(e)(1) (2012), if presented with exceptional circumstances. *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). A ruling on a request for counsel is reviewed under the abuse of discretion standard. *Jackson v. Dallas Police Dept*., 811 F.2d 260, 261 (5th Cir. 1986).

In *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982), the Fifth Circuit Court of Appeals set forth certain factors to be considered when determining whether to appoint counsel. These factors include: (1) the type and complexity of the case; (2) whether the indigent person is capable

-2-

of adequately investigating and presenting his case; (3) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination; and, (4) whether the appointment of counsel would be a service to the plaintiff, the court and the defendants by shortening the trial and assisting in just determination. *Id*. at 213; *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).

Plaintiff's claims are not atypical of those often asserted in civil rights litigation and are not complex.

Should the court ultimately determine that either formal discovery or an evidentiary hearing is necessary, the court must appoint counsel; but until such time, the decision on whether or not to appoint counsel rests in the sound discretion of the trial court. *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir.1993). Accordingly, plaintiff's request for appointment of counsel is DENIED, as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel. *Id*. at p.3. Moreover, the plaintiff's requests to compel discovery, set depositions and set an evidentiary hearing are DENIED at this time.

2. **Motion for Copies**

Plaintiff requests that the Court provide him with a copy of his entire case file, a total of 158 pages, as he is financially unable to pay for same. Doc. 61. It is generally a plaintiff's burden to keep copies of all documents in his case or he must pay the Clerk the copy fee to make copies. Plaintiff provides the Court with no authority to provide him with free copies of documents filed with this Court. Plaintiff must pay for copies in advance. Therefore, Plaintiff's Motion for Copies (doc. 61) is DENIED.

Accordingly,

**IT IS ORDERED** that documents 60 and 61 are **DENIED**.

-3-

**IT IS FURTHER ORDERED** that the defendants are to either file an answer into the record or re-urge their motion to dismiss with respect to plaintiff's FTCA claims within ten (10) days of this Order.

THUS DONE AND SIGNED in Chambers this 6th day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE